IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 06 CR 923-1 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| ADRIAN FLORIN FECHETE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On October 29, 2007, at the conclusion of a jury trial, Defendant in this matter was found guilty of all counts alleged in the indictment: six counts of wire fraud, four counts of interstate transportation of funds obtained by fraud, one count of money laundering conspiracy, and one count of aggravated identity theft. Before the Court is Defendant's Motion for Judgment of Acquittal or, in the alternative, for a New Trial [615].

Under Federal Rule of Criminal Procedure 29, a court may acquit a defendant of "one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." In considering a motion for judgment of acquittal under Rule 29, the court must view all evidence in the light most favorable to the Government and must not weigh the credibility of witnesses. *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). "[I]t is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences." *United States v. Reed,*

1

875 F.2d 107, 111 (7th Cir. 1989) (*Reed*). Thus, a movant for judgment of acquittal "faces a nearly insurmountable hurdle [because courts] consider the evidence in the light most favorable to the Government, defer to the credibility determination of the jury, and overturn a verdict only when the record contains no evidence regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt."
*United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) (quoting *United States v. Moore*, 115 F.3d 1348, 1363 (7th Cir. 1997). *See also United States v. Fearn*, 589 F.2d 1316, 1321 (7th Cir. 1978) (a motion for judgment of acquittal is granted "when the evidence . . . is so scant that the jury could only speculate as to the defendant's guilt, and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt.").

Under Federal Rule of Criminal Procedure 33, the court may grant a new trial "if the interest of justice so requires." A new trial is in the interest of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). While the court has broad discretion in ruling on a motion under Rule 33, the Seventh Circuit has cautioned:

> The court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. . . . The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. . . . Motions for new trial based on weight of the evidence are not favored. Courts are to grant them sparingly and with caution, doing so only in those 'really exceptional' cases.

*Reed*, 875 F.2d at 113.

2

Furthermore, a movant under Rules 29 and 33 bears the responsibility of "develop[ing] his arguments and present[ing] the court with adequate grounds and authority to grant the relief requested." *United States v. Ervin*, Case No. 2: 00-28-TS, 2005 WL 1796204, at * 2 (N.D. Ind. July 26, 2005). "Perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). The court is not required to "research and construct the legal arguments open to the parties, especially when they are represented by counsel." *Beard v. Whitley County REMC*, 840 F.2d 405, 408-09 (7th Cir. 1988).

Defendant's motion sets forth eighteen numbered "grounds" why the Court should grant a judgment of acquittal or order a new trial. These asserted grounds are completely conclusory and set forth no explanation or citation to the record whatsoever and, in virtually every instance, no citation to any legal authority. Defendant's conclusory allegations are insufficient to meet the "very high burden" required for a judgment of acquittal under Rule 29. *United States v. Muskovsky*, 863 F.2d 1319, 1322 (7th Cir. 1988). The record, viewed in the light most favorable to the Government, contains evidence from which a rational jury could find Defendant guilty of the crimes charged in the indictment beyond a reasonable doubt.

Further, Defendant has not demonstrated that his substantial rights were jeopardized by errors or omissions occurring in the case. As the Government correctly points out, Defendant agreed to the jury instructions given in the case and, thus, has waived any objection arising from the content of the instructions. The rulings made by

the Court in the case were made only after the parties were given a full opportunity to be heard and after full consideration by the Court. Defendant's motion does not show any of the Court's rulings to be erroneous.

In sum, Defendant's unsupported and conclusory assertions made in his post-trial motion are insufficient to warrant relief under either Fed. R. Crim. P. 29 or 33. Defendant's Motion for Judgment of Acquittal or, in the alternative, for a New Trial [615], accordingly, is denied.

Date: September 10, 2008

JOHN W. DARRAH
United States District Court Judge

4